UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ORLANDO DONES-VARGAS,<br><br>     Movant,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | 4:20-CV-04124-KES<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Pending before the court is the *pro se* motion by movant Orlando Dones-Vargas seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  See Docket No. 1.[1]  The respondent United States of America ("government"), has responded to Mr. Dones-Vargas' § 2255 motion and separately filed a motion to dismiss the motion without holding an evidentiary hearing.  See Docket Nos. 24 & 25.  Mr. Dones-Vargas resists the motion.  See Docket No. 27.  This matter was referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014 standing order of the Honorable Karen E. Schreier, United States District Judge.

---

[1] In this opinion, the court refers to documents on file in Mr. Dones-Vargas' § 2255 file by simply citing the docket number.  Documents filed in Mr. Dones-Vargas' underlying criminal case, United States v. Dones-Vargas, 4:17-cr-40086-KES-1 (D.S.D.), are referred to by citing the docket number from the criminal file preceded by "CR."

## FACTS

**A.    Underlying Criminal Case**

**1.    Preliminary Proceedings and Trial**

Mr. Dones-Vargas was first indicted on September 6, 2017, and charged with conspiracy to distribute 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  See CR Docket No. 2.

An initial appearance, arraignment, and bond hearing were held on September 18, 2017, at which the undersigned appointed attorney Rick Ramstad to represent Mr. Dones-Vargas.  CR Docket Nos. 15 & 16.  At that court date, Mr. Dones-Vargas entered a plea of not guilty.  See CR Docket No. 15.

On November 1, 2017, Ryan Kolbeck entered his appearance on behalf of Mr. Dones-Vargas.  See CR Docket No. 20.  On November 7, 2017, Mr. Ramstad withdrew from the case.  CR Docket No. 23.  Mr. Kolbeck represented Mr. Dones-Vargas up to and through trial.

On January 9, 2018, the government filed a superseding indictment, which added a count for possessing with intent to distribute five grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. 841(a)(1).  See CR Docket No. 36.

An initial appearance, arraignment, and bond hearing on the superseding indictment were held on January 10, 2018.  See CR Docket

2

No. 39.  Mr. Dones-Vargas pleaded not guilty to both counts in the superseding indictment.

Mr. Dones-Vargas' case went to a jury trial on January 29, 2018. Mr. Dones-Vargas was represented by Mr. Kolbeck.  The jury returned a verdict of guilty on both counts on January 30, 2018.  See CR Docket No. 67.

### 2.    The PSR and Sentencing

A draft PSR was filed March 19, 2018.  The PSR author noted that Mr. Dones-Vargas was not entitled to an adjustment to his U.S. Sentencing Guidelines ("USSG") offense level for acceptance of responsibility because, "[p]ursuant to USSG §3E1.1, comment. (n.2), [Mr. Dones-Vargas] . . . put the government to its burden of proof at trial by denying the essential factual elements of guilt and was convicted."  See CR Docket No. 73 at p. 7, ¶ 20.

Mr. Dones-Vargas did not object to this finding by the PSR author, and a final PSR was filed on June 4, 2018.  CR Docket No. 82.  The final PSR contained the same language as the draft PSR regarding adjustment for acceptance of responsibility and recommended no downward adjustment. See id. at p. 7, ¶ 20.  The final PSR noted that Mr. Dones-Vargas maintained his innocence even after trial.  Id.

On July 16, 2018, Mr. Dones-Vargas appeared for his sentencing hearing before the Honorable Karen E. Schreier, United States District Judge.  See CR Docket No. 130.  Mr. Kolbeck did not raise any objections to the PSR related to its recommendation that Mr. Dones-Vargas should not receive an adjustment for acceptance of responsibility.

The district court found a total offense level of 38 and a criminal history level of I, resulting in a guideline sentencing range of 235-293 months' imprisonment and five years' supervised release. CR Docket No. 130 at p. 51. Speaking on behalf of Mr. Dones-Vargas before the district court imposed his sentence, Mr. Kolbeck stated that Mr. Dones-Vargas maintained his innocence. CR Docket No. 130 at p. 52. The district court sentenced Mr. Dones-Vargas to 235 months' imprisonment and a five-year term of supervised release. See id. at p. 57. There was no downward adjustment for acceptance of responsibility.

Mr. Dones-Vargas filed a direct appeal of his conviction and sentence. In the appeal, Mr. Dones-Vargas asserted he was denied Due Process when the prosecution failed to timely disclose cash payments by police to a government witness. On August 21, 2019, the Eighth Circuit denied Mr. Dones-Vargas' appeal and affirmed the judgment of the district court. See United States v. Dones-Vargas, 936 F.3d 720 (8th Cir. 2019). No petition for writ of certiorari was filed with the United States Supreme Court.

**B.    Claims Raised in Mr. Dones-Vargas' § 2255 Motion**

Mr. Dones-Vargas raises the following claims for habeas relief in his § 2255 motion:

1.    His Sixth Amendment right to the effective assistance of counsel was violated when

    a.    Mr. Kolbeck failed to research and advise Mr. Dones-Vargas about nolo contendere pleas and the possibility of entering a plea of nolo contendere in his criminal case

4

b.    Mr. Kolbeck advised him to proceed to trial without first investigating the facts, circumstances, and laws involved in making that decision

c.    Mr. Kolbeck did not diligently investigate, explore, or attempt to negotiate a favorable plea agreement

d.    Mr. Kolbeck did not advise Mr. Dones-Vargas he had virtually no chance of prevailing at trial considering the strength of the government's evidence

2.    His Sixth Amendment right to the effective assistance of counsel was further violated in the following ways:

a.    Mr. Kolbeck failed to investigate or present available, material, exculpatory evidence and testimony at trial that would have demonstrated that a government's witness was lying and that the allegations of Mr. Dones-Vargas distributing large amounts of methamphetamine were false

b.    Mr. Kolbeck failed to investigate or move for dismissal based on lack of venue or move for change of venue.

c.    Mr. Kolbeck failed to request appropriate jury instructions and object to insufficient instructions

d.    Mr. Kolbeck failed to object to improper argument by the prosecution and failed to request curative instructions for the improper argument

5

e.   Mr. Kolbeck failed to investigate or present available evidence and legal authority material to sentencing

f.   Mr. Kolbeck failed to object to unlawful, false, and unreliable evidence used to determine the appropriate guideline sentencing range

g.   Mr. Kolbeck failed to investigate and present the strongest issues available to Mr. Dones-Vargas in his direct appeal

h.   Mr. Kolbeck represented Mr. Dones-Vargas despite a conflict of interest

3.   Mr. Dones-Vargas' conviction and sentence violate his First Amendment rights to free speech and to petition, his Fourth Amendment right to be free from unreasonable searches and seizures, his Sixth Amendment due process rights, including his rights to the assistance of counsel, to trial by jury, to confront adverse witnesses, to present a defense, and to compulsory process, and his Eighth Amendment right to be free from cruel and unusual punishment

See Docket No. 1 at pp. 7, 11-18.  The government now moves to dismiss Mr. Dones-Vargas' § 2255 motion without holding an evidentiary hearing. See Docket No. 25.  Mr. Dones-Vargas resists.  See Docket No. 27.

**DISCUSSION**

**A.    Scope of a § 2255 Motion**

Section 2255 of Title 28 of the United States Code was enacted to

supersede habeas corpus practice for federal prisoners.  Davis v. United States,

417 U.S. 333, 343-44 (1974).  Section "2255 was intended to afford federal

prisoners a remedy identical in scope to federal habeas corpus."  Id. at 343.

Prior to the enactment of § 2255, habeas claims had to be brought in the

district where the prisoner was confined, resulting in overburdening those

districts where federal correctional institutions were located and presenting

logistical issues because the record in the underlying criminal case was often

in a distant location.  United States v. Hayman, 342 U.S. 205, 212-16 (1952).

The enactment of § 2255 resolved these issues by requiring that the motion be

filed in the sentencing court.  Id.

The scope of a § 2255 motion is seemingly broader than the scope of a

habeas petition, the latter of which is typically limited to allegations of a

constitutional dimension.  Section 2255 allows a federal prisoner to "vacate, set

aside or correct" a federal sentence on the ground that "the sentence was

imposed in violation of the Constitution or laws of the United States, or that

the court was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is otherwise

subject to collateral attack."  See 28 U.S.C. § 2255(a).  Where the allegation for

relief is *not* based on a violation of a Constitutional or federal statutory right or

an assertion that the court was without jurisdiction, the Supreme Court has

read a "fundamentality" requirement into § 2255—relief is available for only those errors which constitute a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962); see Peguero v. United States, 526 U.S. 23, 27-30 (1999).

Generally, petitioners are precluded from asserting claims pursuant to § 2255 that they failed to raise on direct appeal. United States v. Frady, 456 U.S. 152, 167-68 (1982); McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001). When a § 2255 petitioner asserts a claim that is procedurally defaulted because it was not raised on direct appeal, the claim can only proceed after the petitioner has shown either: (1) actual innocence or (2) that the procedural default should be excused because there was both cause for the default and actual prejudice to the petitioner. Bousley v. United States, 523 U.S. 614, 621-22 (1998); McNeal, 249 F.3d at 749. Therefore, barring a claim of actual innocence, a petitioner must show both cause for why he failed to raise an issue on direct appeal as well as actual prejudice caused by the alleged errors. If a movant fails to demonstrate prejudice, the court need not address whether cause exists to excuse a procedural default. Moore-El v. Luebbers, 446 F.3d 890, 898 (8th Cir. 2006).

Appellate courts generally refuse to review claims of ineffective assistance of counsel on direct appeal; such claims are, therefore, properly addressed in a 28 U.S.C. § 2255 motion such as the one here. See United States v. Campbell, 764 F.3d 880, 892-93 (8th Cir. 2014); United States v. Lee, 374 F.3d 637, 654

8

(8th Cir. 2004) (ineffective assistance of counsel claims are not generally cognizable on direct appeal and will be heard only to prevent a miscarriage of justice or in cases where the district court has developed a record on the issue). Therefore, no procedural default analysis is required before examining Mr. Dones-Vargas' claims of constitutionally deficient counsel.

Motions brought under § 2255 are subject to a one-year limitation period. 28 U.S.C. § 2255(f). The government has not challenged Mr. Dones-Vargas' motion on timeliness grounds, and it appears that Mr. Dones-Vargas timely filed his motion. Accordingly, the court considers the motion on its merits.

## B.    Standards Applicable to Mr. Dones-Vargas' Ineffective Assistance Claims

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. U.S. Const. amend. VI. The Supreme Court "has recognized that 'the right to counsel is the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970)). Strickland is the benchmark case for determining if counsel's assistance was so defective as to violate a criminal defendant's Sixth Amendment rights and require reversal of a conviction. Id. at 687.

"When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. The defendant must also show that counsel's unreasonable errors or deficiencies

9

prejudiced the defense and affected the judgment.  Id. at 691.  The defendant

must show "there is a reasonable probability that, absent the errors, the

factfinder would have had a reasonable doubt respecting guilt."  Id. at 695.

In sum, a defendant must satisfy the following two-prong test.  Id. at 687.

> First, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second, the
> defendant must show that the deficient performance prejudiced the
> defense.  This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial whose
> result is reliable.  Unless a defendant makes both showings, it
> cannot be said that the conviction or death sentence resulted from
> a breakdown in the adversary process that renders the result
> unreliable.

Id.

"There is a presumption that any challenged action was sound trial

strategy and that counsel rendered adequate assistance and made all

significant decisions in the exercise of professional judgment."  Hall v.

Luebbers, 296 F.3d 685, 692 (8th Cir. 2002) (quotation omitted).  It is the

petitioner's burden to overcome this presumption, and a "petitioner cannot

build a showing of prejudice on a series of errors, none of which would by itself

meet the prejudice test."  Id.

Counsel's conduct must be judged by the standards for legal

representation which existed at the time of the representation, not by

standards promulgated after the representation.  Bobby v. Van Hook, 558 U.S.

4, 7-9 (2009).  American Bar Association standards and similar directives to

lawyers are only guides as to the reasonableness of counsel's conduct; they are not its definitive definition.  Id.

The Supreme Court distinguishes between those cases in which the new evidence "would barely have altered the sentencing profile presented to the sentencing judge," and those that would have had a reasonable probability of changing the result.  Porter v. McCollum, 558 U.S. 30, 41 (2009) (quotation omitted).  In assessing the prejudice prong, it is important for courts to consider "the totality of the available mitigation evidence—both that adduced at trial, and the evidence adduced in the habeas proceeding—and reweigh it against the evidence in aggravation."  Id. at 40-41 (internal quotation omitted, cleaned up).  It is not necessary for the petitioner to show "that counsel's deficient conduct more likely than not altered the outcome" of his case, only that there is "a probability sufficient to undermine confidence in [that] outcome."  Id. at 44 (quotation omitted).  Judicial scrutiny of attorney performance is highly deferential, with a strong presumption that counsel's conduct falls within the range of reasonable professional conduct.  Strickland, 466 U.S. at 698.  The court now turns to each of Mr. Dones-Vargas' assertions that counsel was ineffective.

## C.    Mr. Dones-Vargas' Claims of Ineffective Assistance in the Plea Process

Mr. Dones-Vargas raises as ground one of his § 2255 motion the claim that Mr. Kolbeck's representation was constitutionally deficient in the plea process.  This claim revolves primarily around Mr. Dones-Vargas' allegation

11

that Mr. Kolbeck failed to research fully and inform him about the possibility of pleading nolo contendere.

### 1. Ineffective Assistance Related to Alternative Pleas

Under a plea of nolo contendere, a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty. The constitution does not bar imposition of a prison sentence on an accused who, by entry of a plea of nolo contendere, is unwilling to expressly admit his guilt but who, faced with worse alternatives, is willing to waive his trial and accept the sentence. See North Carolina v. Alford, 400 U.S. 25, 35 n.8 (1970) (discussing the history of nolo contendere pleas in English and American law). Further, while Federal Rule of Criminal Procedure 11 requires a court be satisfied with the factual basis for a guilty plea before accepting it, there is no such requirement for nolo contendere pleas. Id. This is so defendants may plead nolo contendere without the court making any inquiry into their actual guilt. Id.

The cases cited by Mr. Dones-Vargas involve Alford pleas, which are discrete from nolo contendere pleas. An Alford plea is a guilty plea entered by a defendant who either (i) maintains his innocence or (ii) without maintaining his innocence, is unwilling or unable to admit that he committed the charged crime. See United States v. Tunning, 69 F.3d 107, 110-11 (6th Cir. 1995); Anderson v. Cass County, 367 F.3d 741, 744 n.3 (8th Cir. 2004).

While Mr. Dones-Vargas claims ineffective assistance of counsel in the plea process and specifically alleges Mr. Kolbeck was ineffective by failing to

12

advise him about the possibility to plead nolo contendere, he does not

expressly mention the <u>Alford</u> case or Alford pleas.  Nonetheless, the court

broadly construes Mr. Dones-Vargas' claim and will consider his claim to

include the breadth of potential outcomes in the plea process.  <u>Jackson v.

Nixon</u>, 747 F.3d 537, 544 (8th Cir. 2014) ("When we say that a pro se

complaint should be given liberal construction, we mean that if the essence of

an allegation is discernible, even though it is not pleaded with legal nicety, then

the district court should construe the complaint in a way that permits the

layperson's claim to be considered within the proper legal framework."

(quotation omitted)).

Mr. Dones-Vargas asserts counsel was constitutionally ineffective

because he failed to investigate such case law as <u>United States v. Rashad</u>, 396

F.3d 398 (D.C. Cir. 2005), and <u>United States v. Kathman</u>, 490 F.3d 520 (6th

Cir. 2007), which he states stand for the proposition that downward

adjustments under USSG § 3E1.1 are acceptable when a defendant pleads nolo

contendere.  The court evaluates the applicability of these cases in turn.

In <u>United States v. Rashad</u>, the defendant alleged ineffective assistance

of trial counsel on direct appeal because his attorney never told him his

sentence might have been reduced for accepting responsibility if he had

pleaded guilty instead of going to trial.  <u>Rashad</u>, 396 F.3d at 399-400.  The

court ordered remand to the district court for an evidentiary hearing on the

ineffective assistance of counsel claim.  <u>Id.</u> at 400.  After holding an evidentiary

hearing, the district court disposed of the claim on the second <u>Strickland</u>

prong, holding that Rashad suffered no prejudice because he could not have pleaded guilty while maintaining his innocence to some of the charges against him. Id.

On appeal, the circuit court found the district court committed legal error in so holding; under Alford, 400 U.S. at 37, the district court had the discretion to accept a guilty plea even when Rashad maintained his innocence to some of the charges against him. Id. at 400-01. "Because the [district] court thought Rashad was not 'eligible to plead' guilty, the court did not go on to determine whether Rashad in fact would have made such a plea and whether the court would have accepted it. That was an error." Id. at 402.

As for the prejudice prong of Strickland, the government argued that, even if Rashad had offered and the district court had accepted an Alford plea, it was highly doubtful the district court would have reduced Rashad's sentence on the ground that he had accepted responsibility for his crimes. The government cited comment three to USSG § 3E1.1, which provides: "A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." Id.

The Rashad court noted comment five to § 3E1.1; it states, "the sentencing judge is in a unique position to evaluate the acceptance of responsibility." Id. at 402-03; see USSG § 3E1.1 cmts. 3 & 5 (U.S. SENTENCING COMM'N 2004). The district court had not made any finding on the question of whether Rashad would receive a § 3E1.1 adjustment for acceptance of responsibility. Accordingly, remand was appropriate so the district court could

14

consider whether it would have accepted Rashad's guilty plea and, if so, whether it would also have reduced his sentence for having accepted responsibility.  Id.

In United States v. Kathman, the defendant was charged with two counts of involuntary manslaughter after he crashed a car in a national park, killing his two passengers.  Kathman, 490 F.3d at 521.  After the crash, Kathman made statements to EMTs and his parents about the crash.  Id. at 522.  The next day, Kathman reported that he could not remember the crash or talking with his parents.  Id.  He maintained that he had amnesia concerning the crash, and, with the assistance of counsel, he entered an Alford plea.[2]  Id. The district court accepted the Alford plea, finding that Kathman, while not maintaining his innocence, had amnesia that prevented him from truthfully admitting the facts relevant to the offenses as would be required for a guilty plea.  Id. at 523.  At sentencing, the district court found a downward adjustment for acceptance of responsibility was appropriate and sentenced Kathman below the guideline range.  Id.

On appeal to the Sixth Circuit, the government argued the district court erred in awarding a two-level reduction for acceptance of responsibility and that the downward variance from the guideline range was unreasonable.  Id. at 521.  In reviewing the district court's application of § 3E1.1 on acceptance of responsibility, the Sixth Circuit noted an Alford plea does not disqualify a

---

[2] Although the judgment in Kathman's criminal case stated that he entered a nolo contendere plea, the record reflected that an Alford plea was offered and accepted.  See Kathman, 490 F.3d at 522 n.1.

defendant from receiving a § 3E1.1 reduction for acceptance of responsibility. Id. at 524. Instead, the district court must determine whether the defendant has demonstrated acceptance of responsibility by a preponderance of the evidence. Id. (citing United States v. Donathan, 65 F.3d 537, 541 (6th Cir. 1995)). The Sixth Circuit affirmed the district court's application of § 3E1.1, finding that it was not clear error for the district court to find acceptance of responsibility where Kathman owned up to his conduct as best he could despite his memory loss. Id.

Of primary importance to applying Rashad and Kathman to Mr. Dones-Vargas' motion is identifying the issues in those cases. In Rashad, the issue was purely legal—whether a district court can accept an Alford plea. In Kathman, the issue was whether the district court abused its discretion and clearly erred in calculating the guideline sentencing range. Both these issues are vastly different than the first issue raised in this motion—whether Mr. Kolbeck was ineffective for failing to fully advise Mr. Dones-Vargas of his options in the plea process. Thus, the question before the court is not whether Mr. Dones-Vargas *could have* entered a nolo contendere plea or an Alford plea that the district court accepted but whether the advice Mr. Dones-Vargas received in the plea process was constitutionally deficient and prejudiced him. While Rashad and Kathman demonstrate that § 3E1.1 adjustments may be available to defendants pleading Alford, they do little to inform the issues of whether (i) Mr. Kolbeck was professionally unreasonable by not so advising

16

Mr. Dones-Vargas and (ii) there is a reasonable probability the outcome would have been different absent the alleged deficiency.

What is more, the Eighth Circuit has held that a downward adjustment for acceptance of responsibility *is not available* for defendants pleading nolo contendere—as opposed to Alford.  See United States v. Haversat, 22 F.3d 790, 798-99 (8th Cir. 1994).

> To the extent [the defendants] have argued that the district court erred in finding that they did not accept responsibility, we find that the district court's decision was not clearly erroneous.  Both [defendants] pleaded nolo contendere—*a plea which does not admit responsibility.*  Moreover, they have continued to minimize their role in the conspiracy throughout the proceedings, even on appeal.

Id. at 799.  Thus, Mr. Dones-Vargas cannot show prejudice related to Mr. Kolbeck's alleged deficient performance in failing to inform him about the possibility of entering a plea of nolo contendere; even if he had entered such a plea, a downward adjustment for acceptance of responsibility is all but foreclosed by the Eighth Circuit's reasoning in Haversat.

In his reply brief, Mr. Dones-Vargas argues "nothing in [Haversat] says that a Court 'must' deny acceptance of responsibility after a plea of nolo contendere and Lott v. United States, 367 U.S. 421, 426 (1961), and United States v. Jones, 479 F.3d 975, 977 (8th Cir. 2007), indicate the Court has discretion."  See Docket No. 27 at p. 9.  The court disagrees.

In Lott, the issue was whether, for purposes of timeliness of an appeal, it was the judgment of conviction and sentence or the acceptance of a nolo contendere plea that constituted the "determination of guilt" under Federal Rule of Criminal Procedure 34.  367 U.S. at 426.  In Jones, the issue was

whether defense counsel was ineffective because, but for counsel's failure to move to suppress certain evidence, Jones would not have entered his nolo contendere plea.  479 F.3d at 977.  These cases are irrelevant to the issue here, which is whether a deduction for acceptance of responsibility is available after a nolo contendere plea.  While these cases stand for the proposition that a nolo contendere plea is tantamount to an admission of guilt for all purposes of the case (Lott, 367 U.S. at 426), admission of guilt is separate and apart from acceptance of responsibility under §3E1.1.  Contrary to Mr. Dones-Vargas' assertion, the reasoning in Haversat, which is binding authority in this district, demonstrates that a nolo contendere plea does not accept responsibility for purposes of § 3E1.1.

The Southern District of Iowa's decision in Glassgow v. United States, No. 4:13-cv-00124-JEG, 2014 WL 12942763 (S.D. Iowa Oct. 7, 2014), is also instructive.  In Glassgow, the movant brought a § 2255 motion alleging trial counsel provided ineffective assistance by failing to advise him before trial that it was unlikely he would be acquitted and that it was to his benefit to plead nolo contendere.  Id. at *2.  Glassgow asserted that, absent counsel's deficient performance, he would have chosen to plead nolo contendere instead of going to trial.  Id.  The court in Glassgow rejected this claim without holding an evidentiary hearing on several bases.

First, the court found Glassgow's continued assertion that he was innocent undermined his contention that he would have agreed to a nolo contendere plea before or at trial.  Id. at *3 (citing Sanders v. United States,

341 F.3d 720, 723 (8th Cir. 2003) ("A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer.")).  Because Glassgow did not admit his guilt, the court found he failed to show a reasonable probability that he would have accepted a guilty plea offered him or entered a nolo contendere plea even if it had been discussed with counsel.  <u>Glassgow</u>, 2014 WL 12942763, at *3.

So too here.  Mr. Dones-Vargas maintained his innocence through trial and sentencing.  <u>See</u> CR Docket No. 130 at p. 52; CR Docket No. 82 at p. 7, ¶ 20.  Mr. Dones-Vargas' steadfast assertion of his innocence undermines his assertion now that he would have pleaded nolo contendere.  To be clear, the court is not finding that, because he repeatedly declared his innocence, there is no chance Mr. Dones-Vargas would have entered a plea other than not guilty. <u>See</u> <u>Griffin v. United States</u>, 330 F.3d 733, 738 (6th Cir. 2003) ("Griffin's repeated declarations of innocence do not prove, as the government claims, that he would not have accepted a guilty plea.").  But the inquiry is not whether the government or Mr. Dones-Vargas can retrospectively prove certainties regarding Mr. Dones-Vargas' choice to plead not guilty or otherwise; rather, the question is whether Mr. Dones-Vargas' motion alleges facts showing a reasonable probability that he would have pleaded differently had Mr. Kolbeck advised him of nolo contendere or Alford pleas.

That Mr. Dones-Vargas has maintained his innocence is relevant to this question; as in <u>Glassgow</u>, it undermines his allegation that he would have pleaded something other than not guilty.  As in <u>Glassgow</u>, Mr. Dones-Vargas has not shown a reasonable probability of a different outcome, in part because he maintained his innocence throughout the criminal proceedings.

Second, the <u>Glassgow</u> court dismissed the habeas claim because Glassgow did not show that a nolo contendere plea would have been available to him.  The same is true here.  Assistant United States Attorneys and United States Attorneys may not consent to a nolo contendere plea without authorization.  <u>See</u> Dep't Justice U.S. Attorneys' Manual, § 9-16.010 (Oct. 2008), https://www.justice.gov/archives/usam/archives/usam-9-16000-pleas-federal-rule-criminal-procedure-11 (last accessed Aug. 19, 2021) ("United States Attorneys may not consent to a plea of nolo contendere except in the most unusual circumstances and only after a recommendation for doing so has been approved by the Assistant Attorney General responsible for the subject matter or by the Associate Attorney General, Deputy Attorney General or the Attorney General.").  Nor can government prosecutors consent to an Alford plea without authorization.  <u>See id.</u>, § 9-16.015 (Oct. 2016) ("United States Attorneys may not consent to the plea known as an Alford plea . . . except in the most unusual of circumstances and only after recommendation for doing so has been approved by the Assistant Attorney General responsible for the subject matter or by the Associate Attorney General, the Deputy Attorney General, or the Attorney General.").  Additionally, Federal Rule of Criminal

Procedure 11 requires that the court consent to pleas of nolo contendere. FED.
R. CRIM. P. 11(a)(1). Courts should handle Alford pleas in the same way as nolo
contendere pleas. FED. R. CRIM. P. 11 advisory committee's note to 1974
amendment.

Mr. Dones-Vargas has not shown any probability that the prosecutor in
his criminal case would have sought permission for a nolo contendere plea or
an Alford plea or that permission would have been given. He has not shown
that his case presented unusual circumstances which would prompt the
government to consent to such a plea. He has not shown that the court,
considering the factors laid out in Rule 11(a)(3) and (b), would have accepted a
plea of nolo contendere or an Alford plea. Therefore, he has not shown a
reasonable probability that the outcome of his case would have been different
had Mr. Kolbeck advised him of these alternative pleas because there is no
indication such a plea would have been available to him.

Even if he had been advised about nolo contendere or Alford pleas, he
entered such a plea, and the district court accepted it, it is unlikely Mr. Dones-
Vargas' Guidelines range would have been reduced for acceptance of
responsibility. These pleas are, "as a general proposition, inconsistent with the
acceptance of responsibility." United States v. Gordon, 979 F. Supp. 337, 342
(E.D. Penn 1997) (collecting cases denying reduction for acceptance of
responsibility after nolo contendere and Alford pleas). Mr. Dones-Vargas has
not shown a reasonable probability that his case was an exception to this
generality. See also Woods v. United States, No. 1:10CV00164 SNLJ, 2011 WL

21

5444495, at *9 (E.D. Mo. Nov. 10, 2011) ("The record here supports the position that Woods never accepted responsibility for his crime, he merely accepted punishment.").

The same is true here; Mr. Dones-Vargas has not shown that he would have accepted responsibility for his crime. Instead, he has simply alleged he would have accepted the punishment. This is not enough for a § 3E1.1 reduction. See USSG § 3E1.1 cmt. 1 (U.S. SENTENCING COMM'N 2004) (for a reduction under § 3E1.1(a), a defendant must "truthfully admit[] the conduct comprising the offense(s) of conviction"). Truthful admission of the conduct comprising the offense of conviction requires more than merely accepting the punishment.

Thus, even in light of Mr. Kolbeck's admission that he probably did not tell Mr. Dones-Vargas about nolo contendere pleas (and assuming he did not tell him about Alford pleas either), and assuming (i) Mr. Dones-Vargas would have taken this advice and sought either of these pleas had he known about them, (ii) the prosecutor would have sought permission to offer such a plea, (iii) such permission would have been given, and (iv) the district court accepted the plea, there still would have been only a *possibility* that Mr. Dones-Vargas would have received a two- or three-level reduction under the Guidelines for what to this day remains an uncertain acceptance of responsibility. To assume Mr. Dones-Vargas would have changed his plea merely because there was such a remote possibility of a reduction in sentence is at best a highly speculative

proposition in view of his steadfast claims of innocence throughout the course of the underlying criminal case.

Accordingly, Mr. Dones-Vargas has not met the standards established in Strickland. Even if Mr. Kolbeck failed to inform Mr. Dones-Vargas about nolo contendere or Alford pleas, that omission did not prejudice Mr. Dones-Vargas such that it is reasonably likely that he would have changed his plea or the sentencing result would have been different. As such, the court need not address the deficient-performance prong of the Strickland analysis. Strickland, 466 U.S. at 697 (a court may address the two factors in any order and a dispositive finding that the movant was not prejudiced relieves the court of the necessity of addressing deficient performance).

Mr. Dones-Vargas' other assertions regarding counsel's performance in the plea process (including that counsel failed to conduct an independent investigation of the facts, circumstances, and pleadings involved in the case) lack any specific allegations—e.g., which facts, circumstances, and pleadings Mr. Dones-Vargas thinks Mr. Kolbeck failed to investigate. A claim which "is merely a conclusory allegation, unsupported by specifics" is a "proper subject for summary dismissal." Smith v. United States, 677 F.2d 39, 41 (8th Cir. 1982) (per curiam) (citation omitted). "The principle of liberal construction will not save [Mr. Dones-Vargas'] pleadings if they are based on conclusory or non-specific factual allegations." Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (citation omitted). These conclusory allegations do not raise valid claims under Strickland; they should be dismissed.

Lastly, Mr. Dones-Vargas' bald assertion that counsel rendered ineffective assistance because he failed to negotiate a plea agreement does not state a valid claim for § 2255 relief.  It is unclear whether defense counsel has a duty to negotiate a plea agreement.  See Beans v. Black, 757 F.2d 933, 936 (8th Cir. 1985) ("Defense counsel does not always have a duty to initiate plea negotiations."); Hawkman v. Parratt, 661 F.2d 1161, 1171 (8th Cir. 1981) (although there is no duty to initiate plea negotiations, the failure to do so may be deficient under the circumstances of a particular case).  Regardless, even if the court were to assume that Mr. Kolbeck had a duty to negotiate a plea agreement, Mr. Dones-Vargas must show that this alleged omission actually prejudiced him.  To establish actual prejudice, Mr. Dones-Vargas must show that (i) the government would have offered a plea bargain and (ii) he would have accepted such an offer and pleaded guilty.  See Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995).  Mr. Dones-Vargas has made no such showing. The respondent's motion to dismiss this claim should be granted.

### 2.   Ineffective Assistance Causing Mr. Dones-Vargas To Proceed to Trial

In his reply brief, Mr. Dones-Vargas cites a multitude of cases for the proposition that his insistence of innocence should not be factored into the court's analysis because that decision was also caused by counsel's objectively deficient performance.  See Docket No. 27 at pp. 10-14.  Guided by the principle of liberal construal of pro se pleadings, the court treats this as a claim of ineffective assistance of counsel.  While the court agrees that part of the job of a criminal defense attorney is conveying information to sometimes-difficult

24

clients, this generalized assertion is not itself enough to allege a constitutional violation. Nowhere in this lengthy, law-laden section of the reply does Mr. Dones-Vargas assert with any specificity factual allegations relating to advice allegedly offered or omitted by Mr. Kolbeck which induced him to proceed to trial.

However, Mr. Dones-Vargas makes several relevant factual allegations in paragraphs 26 and 27 of the § 2255 motion; Mr. Dones-Vargas alleges Mr. Kolbeck failed to tell him (i) there was virtually no chance he could prevail at trial due to the overwhelming weight and quality of the evidence against him and (ii) about the statistical likelihood of acquittal in federal court based upon data from 2006 and 2007. See Docket No. 1 at p. 12, ¶¶ 26-27.

On the other hand, Mr. Kolbeck's affidavit (submitted before Mr. Dones-Vargas filed his reply) contains Mr. Kolbeck's version of events. In relevant part, Mr. Kolbeck stated, "While I attempted to have [Mr. Dones-Vargas] consider a plea deal, especially after additional evidence was found shortly before trial, [he] would not consider pleading guilty, or nolo contendere, at any point." See Docket No. 15 at ¶ 4. Mr. Kolbeck avers, "I also told him multiple times the evidence was very strong against him. We went through each witness and what they would testify about, and how I was going to cross-examine them. He was aware of the evidence against him at trial." Id. at ¶ 6.

"An evidentiary hearing on a § 2255 motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief." Kingsberry v. United States, 202 F.3d 1030, 1032 (8th

Cir. 2000), <u>cert. denied</u>, 531 U.S. 829 (2000).  "[A] district court may not deny a prisoner § 2255 relief without holding an evidentiary hearing to resolve disputed questions of fact."  <u>Grady v. United States</u>, 269 F.3d 913, 919 (8th Cir. 2001).

Here, however, there is no disputed question of fact.  Mr. Dones-Vargas has not alleged that Mr. Kolbeck failed to advise him about the evidence against him or what the government's witnesses would testify about.  Instead, Mr. Dones-Vargas has alleged that Mr. Kolbeck failed to advise him about the *probability* of conviction after trial.  Even taking Mr. Dones-Vargas' allegation as true, he has not made a showing that, had he been advised of the probability of conviction, he would have chosen to plead something other than not guilty.  Mr. Kolbeck has averred that Mr. Dones-Vargas knew what evidence the government would present at trial and that he told him the evidence was strong; there is not a reasonable likelihood Mr. Dones-Vargas would have pleaded differently if Mr. Kolbeck had reduced this advice to statistical probability.

Accordingly, Mr. Dones-Vargas has not met the standards established in <u>Strickland</u>.  Even if Mr. Kolbeck failed to inform Mr. Dones-Vargas about the likelihood of prevailing at trial, that omission did not prejudice Mr. Dones-Vargas such that it is reasonably likely that he would have changed his plea. The court need not address the deficient-performance prong of the <u>Strickland</u> analysis.  <u>Strickland</u>, 466 U.S. at 697 (a court may address the two factors in

any order and a dispositive finding that the movant was not prejudiced relieves the court of the necessity of addressing deficient performance).

### D.     Mr. Dones-Vargas' Allegations in Grounds Two and Three

Mr. Dones-Vargas asserts as grounds two and three of his § 2255 motion a litany of constitutional violations.  They are described fully on pages five and six, *supra*.  None of these alleged errors are accompanied by factual allegations.  As such, they "[are] merely [] conclusory allegation[s], unsupported by specifics" and "proper subject[s] for summary dismissal."  Smith, 677 F.2d at 41 (citation omitted).  "The principle of liberal construction will not save [Mr. Dones-Vargas'] pleadings if they are based on conclusory or non-specific factual allegations."  Voytik, 778 F.2d at 1308 (citation omitted).

Further, the Eighth Circuit has rejected the cumulative error doctrine as a basis for habeas relief on claims of ineffective assistance of counsel because "each habeas claim must stand or fall on its own."  Hall, 296 F.3d at 692-93 (quoting Scott v. Jones, 915 F.2d 1188, 1191 (8th Cir. 1990)).  Therefore, Mr. Dones-Vargas' claim for relief based upon "the cumulative effect of the errors by counsel" (see Docket No. 1 at p. 18) has no basis in law in this circuit.

Lastly, Mr. Dones-Vargas' claims in ground three related to alleged violations of the First, Fourth, Fifth, and Eighth Amendments to the United States Constitution are procedurally defaulted.  Generally, petitioners are precluded from asserting claims pursuant to § 2255 that they failed to raise on direct appeal.  McNeal, 249 F.3d at 749.  Barring a claim of actual innocence, a

27

petitioner must show both cause for why he failed to raise an issue on direct appeal as well as actual prejudice caused by the alleged errors.  If a movant fails to demonstrate prejudice, the court need not address whether cause exists to excuse a procedural default.  Moore-El, 446 F.3d at 898.

Although Mr. Dones-Vargas does not expressly allege his actual innocence in this habeas proceeding, his claim of ineffective assistance of counsel for failure to advise him about the possibility of pleading nolo contendere—as opposed to guilty—suggests Mr. Dones-Vargas' still maintains his innocence.  Therefore, the court considers whether he has adequately alleged actual innocence such that his non-Sixth Amendment claims are not procedurally defaulted.

In order to show actual innocence, Mr. Dones-Vargas must (i) produce "new reliable evidence" not presented previously, and (ii) he must show that, in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  Schlup v. Delo, 513 U.S. 298, 324, 327 (1995); United States v. Apker, 174 F.3d 934, 938-39 (8th Cir. 1999).  Evidence is "new" only if it was not available at the time of the plea and if it could not have been discovered earlier through the exercise of due diligence.  Johnson v. Norris, 170 F.3d 816, 818 (8th Cir. 1999).  Here, Mr. Dones-Vargas has not produced any new evidence.  Therefore, actual innocence does not save his ground-three claims from procedural default.

And Mr. Dones-Vargas has alleged neither cause for failing to raise these issues on direct appeal nor prejudice caused by the alleged errors. Therefore, these claims are procedurally defaulted.

For all these reasons the court recommends granting respondent's motion to dismiss grounds two and three of Mr. Dones-Vargas' § 2255 motion.

## E.   No Hearing Is Warranted

"While '[a] petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [he] is entitled to no relief,' no hearing is required 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.' " New v. United States, 652 F.3d 949, 954 (8th Cir. 2011) (quoting Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008)). "A district court may deny an evidentiary hearing where (1) accepting the petitioner's allegations as true, the petitioner is not entitled to relief, or (2) 'the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.' " Guzman-Ortiz v. United States, 849 F.3d 708, 715 (8th Cir. 2017) (quoting United States v. Sellner, 773 F.3d 927, 929-30 (8th Cir. 2014)).

Here, Mr. Dones-Vargas' claim related to a nolo contendere or Alford plea, even if taken as true, does not warrant relief because its allegation of prejudice is too speculative to support a claim of ineffective assistance of

counsel. All other claims for relief alleged by Mr. Dones-Vargas are conclusions rather than statements of fact or are facially inadequate.

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends granting the government's motion to dismiss [Docket No. 25] and dismissing Mr. Dones-Vargas' petition with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 20th day of August, 2021.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge