UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ORLANDO DONES-VARGAS,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:20-CV-04124-KES<br><br><br>ORDER ADOPTING THE REPORT AND RECOMMENDATION IN FULL AND GRANTING THE RESPONDENT'S MOTION TO DISMISS |

Movant, Orlando Dones-Vargas, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Docket 1.[1] Respondent moved to dismiss the action for failure to state a claim. Docket 25. Dones-Vargas responded to the motion to dismiss. Docket 27. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order. The Magistrate Judge recommends that all of Dones-Vargas's claims be dismissed and that respondent's motion to dismiss be granted. Docket 29 at 30. Dones-Vargas makes multiple objections. Docket 31. For the following reasons, the court grants respondent's motion to dismiss.

---

[1] Within this opinion, the court cites to documents in Dones-Vargas's civil habeas case by citing the court's docket number for that document. The court will cite to "CR" when citing to documents filed in Dones-Vargas's criminal case found at *United States v. Dones-Vargas*, 4:17-CR-40086-KES-1.

**FACTUAL BACKGROUND**

### A. Criminal Case

Dones-Vargas was charged with conspiracy to distribute 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. CR Docket 2. Attorney Rick Ramstad was appointed to represent Dones-Vargas at his initial appearance, arraignment, and bond hearing on September 18, 2017. CR Dockets 15, 16. Dones-Vargas entered a plea of not guilty. CR Docket 15. Attorney Ryan Kolbeck entered his appearance on behalf of Dones-Vargas on November 1, 2017, and Mr. Ramstad withdrew from the case six days later. CR Dockets 20, 23. Mr. Kolbeck represented Mr. Dones-Vargas up to and through his trial and direct appeal. *See* CR Docket 122.

Later, a superseding indictment was filed, and it added one count of possession with intent to distribute five grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. § 841(a)(1). CR Docket 36. Dones-Vargas pleaded not guilty to both counts in the superseding indictment. CR Docket 39. Dones-Vargas's case went to a jury trial on January 29, 2018, where he was represented by Mr. Kolbeck. *See* CR Docket 59. The jury found Dones-Vargas guilty on both counts. CR Docket 67.

Dones-Vargas's draft PSR noted that he was not entitled to an adjustment in his U.S. Sentencing Guidelines (USSG) offense level for acceptance of responsibility because, "[p]ursuant to USSG § 3E1.1, comment. (n.2), [Dones-Vargas] . . . put the government to its burden of proof at trial by

denying the essential factual elements of guilt and was convicted." *See* CR Docket 73 at 7, ¶ 20. It also noted that he maintained his innocence even after trial. *Id.* Dones-Vargas did not object to these findings. *See* CR Docket 76. The final PSR also included these findings. CR Docket 82 at 7, ¶ 20. Dones-Vargas did not raise any objections to the PSR's recommendation that he not receive an adjustment for acceptance of responsibility at his sentencing hearing. *See* CR Docket 130. The guideline sentencing range for Dones-Vargas was 235-293 months' imprisonment and five years' supervised release. *Id.* at 51. Dones-Vargas continued to maintain his innocence at his sentencing hearing. *Id.* at 52. He was sentenced to 235 months' imprisonment and five years' supervised release and received no downward adjustment for acceptance of responsibility. *See id.* at 57.

Dones-Vargas appealed his conviction and sentence. CR Docket 117. He raised one issue on direct appeal, and the Eighth Circuit Court of Appeals affirmed his conviction and denied his claim on the merits. CR Docket 134 Now, Dones-Vargas raises three grounds in support of his motion under § 2255. Docket 1. The Magistrate Judge stated the claims were:

1. Dones-Vargas's Sixth Amendment right to the effective assistance of counsel was violated when

    a. Mr. Kolbeck failed to research and advise Dones-Vargas about nolo contendere pleas and the possibility of entering a plea of nolo contendere in his criminal case.

    b. Mr. Kolbeck advised him to proceed to trial without first investigating the facts, circumstances, and laws involved in making that decision.

3

    c. Mr. Kolbeck did not diligently investigate, explore, or attempt to negotiate a favorable plea agreement.

    d. Mr. Kolbeck did not advise Dones-Vargas he had virtually no chance of prevailing at trial considering the strength of the government's evidence.

2. Dones-Vargas's Sixth Amendment right to the effective assistance of counsel was further violated in the following ways:

    a. Mr. Kolbeck failed to investigate or present available, material, exculpatory evidence and testimony at trial that would have demonstrated that a government's witness was lying and that the allegations of Dones-Vargas distributing large amounts of methamphetamine were false.

    b. Mr. Kolbeck failed to investigate or move for dismissal based on lack of venue or move for change of venue.

    c. Mr. Kolbeck failed to request appropriate jury instructions and object to insufficient instructions.

    d. Mr. Kolbeck failed to object to improper argument by the prosecution and failed to request curative instructions for the improper argument.

    e. Mr. Kolbeck failed to investigate or present available evidence and legal authority material to sentencing.

    f. Mr. Kolbeck failed to object to unlawful, false, and unreliable evidence used to determine the appropriate guideline sentencing range.

    g. Mr. Kolbeck failed to investigate and present the strongest issues available to Dones-Vargas in his direct appeal.

    h. Mr. Kolbeck represented Dones-Vargas despite a conflict of interest.

3. Dones-Vargas's conviction and sentence violate his First Amendment rights to free speech and to petition, his Fourth Amendment right to be free from unreasonable searches and seizures, his Sixth Amendment due process rights, including his rights to the assistance of counsel, to trial by jury, to confront adverse witnesses, to present a defense, and to compulsory

> process, and his Eighth Amendment right to be free from cruel
> and unusual punishment.

Docket 29 at 4-6.

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

### I.  Legal Standard

To establish ineffective assistance of counsel, a movant must meet the two-pronged standard articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "First, the [movant] must show that counsel's performance was deficient." *Id.* This "performance prong" requires the movant to show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. To show deficiency, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

5

Amendment." *Id.* at 687. This court must assess "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Ordinarily, the Eighth Circuit "consider[s] strategic decisions to be virtually unchallengeable unless they are based on deficient investigation[.]" *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006).

"Second, the [movant] must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. This "prejudice prong" requires the movant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In other words, "[i]t is not enough for the [movant] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. The court need not determine deficiency before determining prejudice. *Id.* at 697.

6

"If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

## II.     Objections to the Magistrate Judge's Report and Recommendation

### A. Objections to the Magistrate Judge's Reliance on *Haversat*

Dones-Vargas raises several objections to the Magistrate Judge's reliance on *United States v. Haversat,* 22 F.3d 790 (8th Cir. 1994). Docket 31 at 9-11.

In *Haversat,* two defendants pleaded nolo contendere to the charge of conspiring to fix prices. *Haversat,* 22 F.3d at 793. The defendants were denied an acceptance of responsibility deduction under USSG § 3E1.1. *Id.* Although the district court did declare that there was no acceptance of responsibility, it noted that the question of acceptance of responsibility was "a moot question and almost a theoretical question" because it departed downward for other reasons. *Id.* at 798-99. The defendants argued that the district court did not issue an actual ruling on the question of acceptance of responsibility and that, if the Eighth Circuit remanded the case to the district court on other grounds for resentencing, the district court should reconsider awarding them acceptance of responsibility. *Id.* at 798.

The Eighth Circuit disagreed, finding that "[t]he record clearly indicates that the district court denied a reduction for acceptance of responsibility[.]" *Id.* at 799. The court then continued:

> To the extent that [the defendants] have argued that the district court erred in finding that they did not accept responsibility, we find that the district court's decision was not clearly erroneous. Both [defendants] pleaded nolo contendere—a plea which does not admit

7

> responsibility. Moreover, they have continued to minimize their role in the conspiracy throughout the proceedings, even on appeal.

*Id.* The Magistrate Judge cited this excerpt in her determination that "a downward adjustment for acceptance of responsibility is all but foreclosed by the Eighth Circuit's reasoning in *Haversat*." Docket 29 at 17.

Dones-Vargas first argues that the Eighth Circuit denied a reduction for acceptance of responsibility in *Haversat* under the law of the case doctrine. Docket 31 at 9 (citing *Marshall v. Anderson Excavating & Wrecking Co.*, 8 F.4th 700 (8th Cir. 2021)). He notes that immediately preceding the above excerpt, the Eighth Circuit held, "We deny the request of [the defendants] to allow the district court to reexamine the acceptance of responsibility question on remand, as the district court already has denied such a reduction and its holding will control on remand." *Haversat*, 22 F.3d at 799.

Dones-Vargas's argument appears to be that the Court of Appeals in *Haversat* did not decide whether the district court erred in its finding on acceptance of responsibility; instead, it deferred to the lower court's finding on the issue. The plain language of *Haversat*, however, holds otherwise. The Eighth Circuit specifically found that the district court denied a reduction for acceptance of responsibility and that "the district court's decision was not clearly erroneous." *Haversat*, 22 F.3d at 799.

Dones-Vargas next argues that "when a fact is 'not clearly erroneous,' that means that there is evidence for the issue and against the issue and, therefore, the lower court can not be wrong." Docket 31 at 10. He cites *In re*

8

*Sealed Case (Sentencing Guidelines' Safety Valve)* for the proposition that "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (quoting *In re Sealed Case (Sentencing Guidelines' Safety Valve)*, 105 F.3d 1460, 1464, (D.C. Cir. 1997)). Based on *Sealed Case* and his interpretation of the clear error standard, Dones-Vargas contends that the court in *Haversat* must have found evidence both for and against an acceptance of responsibility reduction and thus does not stand for the proposition that acceptance of responsibility reductions are not applicable to nolo contendere pleas. *Id.*

Dones-Vargas misunderstands the clearly erroneous standard. A finding can be clearly erroneous even when there is some evidence to support it. *See Schaub v. VonWald*, 638 F.3d 905, 915 (8th Cir. 2011) ("A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985))). But that does not mean that the mere act of reviewing a finding for clear error suggests that there is supporting evidence for both sides. By finding the district court's decision to be "not clearly erroneous[,]" the court in *Haversat* in no way suggested that there existed evidence contrary to the district court's decision.

Dones-Vargas also argues that the court's statement in *Haversat*—that a defendant who enters a nolo contendere plea does not admit responsibility— was merely dicta and not binding upon this court. Docket 31 at 10. He argues

9

that because this statement was unnecessary to the decision, it was not precedential. *Id.* (citing *Fergin v. Westrock Co.*, 955 F.3d 725, 729 (8th Cir. 2020)). This argument fails for two reasons. First, the statement in question was necessary to the decision. The court in *Haversat* concluded that the district court properly found that the defendants were not entitled to a reduction for acceptance of responsibility because their plea was one that did not admit responsibility. *Haversat*, 22 F.3d at 799. Second, the statement in question was a true description of a nolo contendere plea. A nolo contendere plea "is tantamount to 'an admission of guilt for the purposes of the case[.]' " *Lott v. United States*, 367 U.S. 421, 426 (1961) (quoting *Hudson v. United States*, 272 U.S. 451, 455 (1926)). "Unlike a plea of guilty, however, it cannot be used against a defendant as an admission in a subsequent criminal or civil case." Fed. R. Crim. P. 11 advisory committee notes for the 1974 amendment. Refusal to face the full consequences of a plea is refusal to take responsibility.

Even if Dones-Vargas were correct that *Haversat* does not stand for the proposition that a defendant who enters a nolo contendere plea is not entitled to a reduction for acceptance of responsibility, he still cannot show that he was prejudiced by Mr. Kolbeck's failure to discuss a nolo contendere plea with him. Dones-Vargas would have needed both the prosecutor to pursue a nolo contendere plea and the court to accept such a plea. *See* Fed. R. Crim. P. 11(a)(3). The court considers "the parties' views and the public interest in the effective administration of justice" in determining whether to accept a nolo

10

contendere plea. *Id.* Dones-Vargas has made no showing that these factors would have favored a nolo contendere plea.

At most, Dones-Vargas has shown that a nolo contendere plea was a possibility and that, if his arguments about *Haversat* are correct, he would have had some chance to be found to have accepted responsibility after entering a nolo contendere plea. But a showing of prejudice requires a "reasonable probability" that effective counsel would have achieved a different outcome. *Strickland*, 466 U.S. at 694. Dones-Vargas does not meet this burden, and his objections to the Magistrate Judge's reliance on *Haversat* are overruled.

### B. Objection to Dismissal Under Federal Rule of Civil Procedure 12(b)(6)

Dones-Vargas argues that dismissal under Federal Rule of Civil Procedure 12(b)(6) was improper. Docket 31 at 11. He claims that the standard for a motion to dismiss under Rule 12(b)(6) is the same as the standard for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings. *Id.* This is incorrect. Dismissal under Rule 4 occurs when "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rules Governing § 2255 Proceedings, Rule 4. But a motion to dismiss under Rule 12(b)(6), which is considered after the respondent answers the movant's motion and the movant has had an opportunity to reply, is appropriate when a pleading fails to contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Dones-Vargas cites several cases to argue that dismissal under Rule 4 is only appropriate when the allegations in a motion are "vague [or] conclusory[,]" "palpably incredible[,]" or "patently frivolous or false." Docket 31 at 11 (first alteration in original) (citations omitted). He then claims that this standard must also apply to Rule 12(b)(6) motions and argues that his motion is not vague, conclusory, palpably incredible, or patently frivolous or false. *Id.* at 12. But because different standards apply to dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings and dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this argument holds no merit.

The Magistrate Judge found that Dones-Vargas did not meet the standard to show ineffective assistance of counsel based on counsel's failure to discuss and pursue a nolo contendere plea and counsel's causing Dones-Vargas to proceed to trial. Docket 29 at 12-27. The Magistrate Judge also found that Dones-Vargas's other claims were not supported by sufficient allegations of fact. *Id.* at 27-29. Thus, Dones-Vargas's claims failed to meet the plausibility standard of *Iqbal* and his objection is overruled.

### C. Objections Claiming that the Magistrate Judge's Report and Recommendation is Inconsistent with Dones-Vargas's Allegations and Supporting Arguments

Dones-Vargas argues that his claims are supported by his sworn factual allegations, his verified exhibits, and his declaration in support of his § 2255 motion. Docket 31 at 13. Rather than make separate arguments for this

12

objection, he "restates and incorporates by reference each and every argument set forth above as objections to the Magistrate Report [and] Recommendation." *Id.* Because Dones-Vargas makes no new arguments supporting this objection, the court treats this objection as a reiteration of his previous objections, and it is overruled.

### III.    Evidentiary Hearing

A court must order an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b); *see also Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) ("Evidentiary hearings . . . are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists."). But a motion may be dismissed without a hearing if "(1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (citing *United States v. Rodriguez Rodriguez*, 929 F.2d 747, 749-50 (1st Cir. 1991)).

Here, an evidentiary hearing is not required because Dones-Vargas's allegations, even if true, would not entitle him to relief. Dones-Vargas's arguments fail as a matter of law. Even if, despite *Haversat*, a nolo contendere plea could still allow for the acceptance of responsibility, Dones-Vargas has failed to show that there was a reasonable probability that he would have

13

received a different outcome had Mr. Kolbeck advised him on and pursued a nolo contendere plea. His other claims misstate the standard applied to Rule 12(b)(6) motions and fail to allege sufficient facts. Thus, Dones-Vargas's request for an evidentiary hearing is denied.

## CERTIFICATE OF APPEALABILITY

When a district court denies a movant's § 2255 motion, the movant must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Dones-Vargas has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issues raised in his claims differently, or that a question raised by his claims deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

Thus, it is ORDERED

1. Dones-Vargas's objections to the report and recommendation (Docket 31) are overruled.

2. The report and recommendation (Docket 29) is adopted in full as supplemented herein.

3. Respondent's motion to dismiss (Docket 25) is granted.

4. Dones-Vargas's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket 1) is dismissed without an evidentiary hearing.

5. A certificate of appealability is denied.

DATED October 5, 2021.

              BY THE COURT:

              */s/ Karen E. Schreier*
              KAREN E. SCHREIER
              UNITED STATES DISTRICT JUDGE